IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| Jeffrey Pruett, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:13-cv-02607-JOF |
| BlueLinx Holdings, Inc., | : | |
| Defendant. | : | |

## ORDER

This matter is before the court on Defendant's partial motion to dismiss [5].

Plaintiff, Jeffrey Pruett, filed suit against Defendant BlueLinx Holdings, Inc., contending that he was unlawfully terminated from his job as Compliance Manager at BlueLinx in retaliation for his reporting certain alleged violations to the Public Company Accounting Oversight Board and the Security and Exchange Commission. Plaintiff brings his cause of action pursuant to the whistleblower protections enacted in the Dodd-Frank Wall Street Reform and Consumer Protective Act, 15 U.S.C. §§ 78u-6, *et seq.* Plaintiff's prayer for relief includes a request for punitive damages and a demand for jury trial.

In the instant partial motion to dismiss, Defendant contends that neither punitive damages nor a jury trial are available under the Dodd-Frank whistleblower protections. In response to the motion, Plaintiff concedes that punitive damages are not available, but asks that the court dismiss without prejudice the punitive damages request so as to leave open the

possibility that judicial interpretation of that statutory provision might change in the future. Plaintiff maintains that he is entitled to a jury trial under the whistleblower provisions.

The court grants Defendant's motion to dismiss Plaintiff's punitive damages claim. Although Plaintiff asks that the dismissal be without prejudice, the court finds this is not necessary. Should any feature of the law or its interpretation change while this matter is pending before the court, Plaintiff may raise the issue with the court at that time. Once Plaintiff's case has been adjudicated, the relevant rules of finality would apply and the court will not hold this case open pending any future changes in the law.

The court now turns to the question of whether a jury trial is available for whistleblower claims under Dodd-Frank. Dodd-Frank amended portions of the Sarbanes-Oxley Act and also added new anti-retaliation and whistleblower protections for those individuals who report securities violations to the Securities and Exchange Commission. Dodd-Frank provides that an employer may not "discharge, demote, suspend, threaten, harass, directly or indirectly, or in any other manner discriminate against" an employee who provides certain information to the Securities and Exchange Commission. *See* 15 U.S.C. § 78u-6(h)(1)(A). Dodd-Frank allows plaintiffs who believe their employers have violated this statute to seek relief directly in federal court and offers the following remedies:

(i)   reinstatement with the same seniority status that the individual would have had, but for the discrimination;

2

>    (ii)    2 times the amount of back pay otherwise owed to the individual, with interest: and
>
>    (iii)   compensation for litigation costs, expert witness fees, and reasonable attorney's fees.

*Id.*, § 78u-6(h)(1)(C). The Dodd-Frank whistleblower protections are silent as to whether a jury trial is available. *Compare* Sarbanes-Oxley Act, as amended, 18 U.S.C. § 1514A(b)(2)(E) (now explicitly providing for jury trial).

The parties agree that when a statute is silent as to the availability of a jury trial, the court must conduct an analysis under the Seventh Amendment. Under the Seventh Amendment, a party has a right to a jury trial for suits at common law where the value in controversy exceeds twenty dollars. *See*, *e.g.*, *Stewart v. KHD Deutz of America Corp.*, 75 F.3d 1522, 1525 (11th Cir. 1996). "Although at the time of its adoption, the Seventh Amendment only preserved that right of jury trial for common law actions existing in 1791, courts have interpreted the amendment to extend to all suits where legal rights are involved whether at common law or arising under federal legislation." *Id.* (quotation and citation omitted).

Courts in the Eleventh Circuit "employ a two-part inquiry to determine the availability of a jury trial under the Seventh Amendment when a federal statute does not explicitly provide for a jury trial." *Id.* (citing *Chauffeurs, Teamsters & Helpers Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990)). "First, we compare the nature of the issues to be

3

resolved to eighteenth century actions brought in the courts of England prior to the merger of the courts of law and equity." *Id.* (quotation and citation omitted). "Second, we assess whether the remedy sought is legal or equitable in nature." *Id.* "The nature of the remedy sought is the more important inquiry in our analysis." *Id.* If both of these considerations point in favor of entitlement to a jury trial, the court must consider whether Congress assigned adjudication of the claim to "a non-Article III adjudicative body that does not use a jury as factfinder." *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 42 (1989).

The parties do not dispute that the type of whistleblower claim recognized in Dodd-Frank is most analogous to the common law tort of wrongful discharge which existed prior to the merging of courts of law and equity. Thus, this first factor counsels in favor of a right to jury trial. However, as the Eleventh Circuit has held, the second factor is the more important in determining whether a right to jury trial exists.

Turning to the second part, reinstatement, hiring, and back pay are generally considered equitable remedies. *See*, *e.g.*, *West v. Gibson*, 527 U.S. 212, 217 (1999). If Dodd-Frank's statutory remedies included simply back pay, there would be no question that it would be classified as "equitable." If the purpose of the remedies is to make the employee "whole," then they are equitable remedies. *Compare Tull v.United States*, 481 U.S. 412, 423 (1987) ("Subsection 1319(d)'s authorization of punishment to further

retribution and deterrence clearly evidences that this subsection reflects more than a concern to provide equitable relief.").

Plaintiff, however, argues Dodd-Frank's provision of "doubling" back pay takes it out of the restitutionary or equitable field and moves it to compensatory, liquidated, or punitive damages.[1] In contrast, Defendant avers that the "doubling" of the back pay is an automatic calculation unlike compensatory or punitive damages. The court agrees that the automatic doubling is a calculation that lacks the discretion generally associated with monetary damages awarded by a jury. *Compare Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 352-53 (1998) (noting that "cases involving discretionary monetary relief were tried before juries"). The court simply calculates the back pay – which is its responsibility and not that of a jury – and doubles that amount.

In contrast to other statutory doubling provisions, there is no requirement that a determination be made that a defendant's actions were "willful" in order to be entitled to "double" back pay. In that sense, the statute is unlike the Age Discrimination in Employment Act. *See*, *e.g.*, *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 125

---

[1] Doubling of back pay is not unique to the Dodd-Frank Act. The whistleblower provision of the False Claims Act, 31 U.S.C. § 3730(h), for example, also provides for a doubling of the back pay. *Id.* (Relief under paragraph (1) shall include reinstatement with the same seniority status that employee, contractor, or agent would have had but for the discrimination, 2 times the amount of back pay, interest on the back pay, and compensation for any special damages sustained as a result of the discrimination, including litigation costs and reasonable attorneys' fees").

5

(1985) (holding that damages under ADEA were liquidated and punitive in nature because of necessity of "wilfulness" finding). *Compare Jordan v. United States Postal Service*, 379 F.3d 1196, 1202 (10th Cir. 2004) (damages under FMLA and FLSA are liquidated, but are not penalties because no finding of willfulness necessary). In the Dodd-Frank Act, there is no willfulness determination, there is nothing to be done other than to double the amount of back pay determined by the judge. Finally, to the extent that the doubling of the back pay would take such damages outside of a restitutionary or equitable nature, the court finds that those damages are otherwise intertwined with the reinstatement remedy. The purpose of the remedies in § 78u-6(h)(1)(C) is clearly to place the employee in the position he would have been absent any retaliatory actions.

In attempting to characterize the remedies in Dodd-Frank, both parties also point to a comparison with the whistleblower protection provisions in the Sarbanes-Oxley Act. The Sarbanes-Oxley statute provides remedies similar to those available under Dodd-Frank. Sarbanes-Oxley lists under "compensatory damages": (A) reinstatement with the same seniority status that the individual would have had, but for the discrimination; (B) back pay with interest; and (C) compensation for any special damages including litigation costs, expert witness fees, and reasonable attorney's fees. *See* 18 U.S.C. § 1514(c). While the back pay provision in Sarbanes-Oxley is not doubled, subsection (C) is arguably broader

6

than that which is available in Dodd-Frank because it includes the phrase "compensation for any special damages."

Sarbanes-Oxley as originally passed was silent on the availability of a jury trial and most courts considering the issue found that a jury was not available because the nature of the remedy was restitutionary and equitable. *See*, *e.g.*, *Schmidt v. Levi Strauss, Co.*, 621 F. Supp. 2d 796, 801 (N.D. Cal. 2008). In 2010, however, Congress amended Sarbanes-Oxley to include a provision for a jury trial. Significantly, however, no similar provision was included in the Dodd-Frank Act which was considered by Congress at the same time.

Plaintiff asks the court not to read too much into this distinction because of the double back pay provision in Dodd-Frank. The court finds this is too much weight to place on this one remedy. Rather, the court finds it is much more significant to the purpose of the remedial scheme in Dodd-Frank that Congress was considering and strengthening the entire whistleblower scheme for securities matters when it amended Sarbanes-Oxley to specifically provide for a jury trial. While Congress enlarged the scope of individuals potentially protected in the Dodd-Frank Act, it did not specify in Dodd-Frank that a jury trial was available despite being aware of the legal controversy surrounding whether a jury trial was available under Sarbanes-Oxley and amending that legislation to specify a right for a jury trial.[2]

---

[2]Because the court does not find that both parts of the Seventh Amendment inquiry point to a right to trial by jury, the court need not consider whether Congress has assigned

7

For the foregoing reasons, the court STRIKES Plaintiff's request for a jury trial.

**Conclusion**

The court GRANTS Defendant's partial motion to dismiss [5].

**IT IS SO ORDERED** this 12th day of November, 2013.

    S/   J. Owen Forrester
    J. OWEN FORRESTER
    SENIOR UNITED STATES DISTRICT JUDGE

---

adjudication of the statutory claim to "a non-Article III adjudicative body that does not use a jury as a factfinder." *Granfinanciera*, 492 U.S. at 42.